UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**ORIGINAL**

**IBEW No. 292 Health Care Plan, Electrical Workers Local No. 292 Pension Fund, Electrical Workers Local No. 292 Annuity & 401 (k) Fund, Electrical Workers Local No. 292 Vacation & Holiday Fund, Minneapolis Electrical Industry Board/JATC/LMCC,**

Plaintiffs,

vs.

**Jeff Darwin d\b\a Darwin Diversified,**

Defendant.

Civil No. 00-986 JMR/FLN

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER**

This matter was heard before the undersigned on the 8th day of December, 2000. Jacqueline M. Beaulieu of McGrann Shea Franzen Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

## FINDINGS OF FACT

1. Plaintiffs filed a Summons and Complaint in this matter on April 17, 2000, seeking an order requiring production of fringe fund reports and judgment for the amounts shown to be due per those reports.

2. Defendant Jeff Darwin d/b/a Darwin Diversified was served with a Summons and Complaint in this matter on October 16, 2000.

FILED JAN 17 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD JAN 17 2001
DEPUTY CLERK

3. Defendant has failed to file and serve an Answer to the Summons and Complaint.

4. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health and welfare benefits to employees doing electrical work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements.

5. Defendant accepted and agreed to be bound by certain a collective bargaining agreement ("CBA") with the International Brotherhood of Electrical Workers. The CBA obligates Defendant, as an employer, to submit fringe benefit reports and contributions.

6. Defendant failed to timely produce reports and to pay contributions owing for the period October, 1999 through April, 2000.

7. The bargaining agreement provides that Defendant must pay liquidated damages of $100 for delinquent contributions beginning with the second month of delinquency.

8. The bargaining agreement provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

**CONCLUSIONS OF LAW**

1. Defendant is in default, and Plaintiffs are entitled to the relief sought in the Complaint.

2.. Defendant must produce the fringe fund reports and contributions for the

months of October, 1999 through April, 2000.

3. Defendant owes $100 per month for the months of November, December, 1999 and January, February, March, and April 2000, for a total of $600, in liquidated damages.

4. Defendant owes attorneys' fees and costs in an amount to be determined upon affidavit of Plaintiffs' counsel.

**ORDER**

IT IS ORDERED:

1. That Plaintiffs' motion for default judgment is granted.

2. That Defendant must produce fringe benefit reports for the period October, 1999 through April, 2000.

3. That Plaintiffs are entitled to judgment for amounts shown to be owing pursuant to those reports.

4. That Plaintiffs are entitled to judgment for $600 in liquidated damages for the months of November and December, 1999 and January, February, March, and April, 2000.

5. That Plaintiffs are entitled to judgment in an amount to be determined upon application of Plaintiffs' counsel by affidavit, for attorneys' fees and costs associated with this action.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 17th, 2001

BY THE COURT

James M. Rosenbaum
Judge of District Court

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

FORMS\APPEALNO.CIV
Rev. August 11, 1995

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd